# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

TIMOFIY ANFILOFEV,

      Petitioner,

v.

ARNOLDO HERNANDEZ, Anchorage Correction Complex Superintendent, *et al.*,

      Respondent.

Case No. 3:25-cv-00071-SLG-MMS

### ORDER ON PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

Before the Court at Docket 1 is Timofiy Anfilofev's Petition for a Writ of Habeas Corpus and Other Equitable Relief Pursuant to 28 U.S.C. § 2241. For relief, Petitioner seeks an order vacating the Extradition Certification Order to Brazil issued by Magistrate Judge Kyle F. Reardon.[1] Petitioner filed a supplemental brief in support of the Petition at Docket 9, asserting that the Magistrate Judge erred in finding that the government had established the requisite probable cause and by finding that Petitioner's evidence was inadmissible.[2] The United States responded in opposition at Docket 14, to which Petitioner replied at Docket 16. The matter was referred to the Honorable Magistrate Judge Matthew

---

[1] Docket 9-1. *See* Extradition Certification Order, *United States v. Timofiy Anfilofev*, 3:24-mj-00183-KFR, Docket 98.

[2] Docket 9 at 1.

McCrary Scoble.[3]

At Docket 17, Judge Scoble issued his Report and Recommendation, in which he recommended that the Petition be dismissed and that a certificate of appealability not issue. Objections to the Report and Recommendation were due by November 5, 2025; none have been filed.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[4] A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[5] However, § 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[6]

The Magistrate Judge recommended that the Court dismiss the Petition for a Writ of Habeas Corpus and Other Equitable Relief Pursuant to 28 U.S.C. § 2241. The Court has reviewed the Report and Recommendation and agrees with its analysis. Accordingly, the Court adopts the Report and Recommendation at

---

[3] Docket 8.

[4] 28 U.S.C. § 636(b)(1).

[5] Id.

[6] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Case No. 3:25-cv-00071-MMS, *Anfilofev v. Hernandez, et al.*
Order on Petition for a Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2241
Page 2 of 3
Case 3:25-cv-00071-SLG-MMS    Document 18    Filed 11/17/25    Page 2 of 3

Docket 17, and IT IS ORDERED that the Petition at Docket 1 is DISMISSED. The Clerk of Court shall enter a final judgment accordingly. A Certificate of Appealability shall not issue because reasonable jurists could not debate whether the Petition should have been resolved in a different manner.[7] Petitioner may request a certificate of appealability from the Ninth Circuit Court of Appeals.

DATED this 17th day of November, 2025, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[7] 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (holding that a certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).

Case No. 3:25-cv-00071-MMS, *Anfilofev v. Hernandez, et al.*
Order on Petition for a Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2241
Page 3 of 3
Case 3:25-cv-00071-SLG-MMS    Document 18    Filed 11/17/25    Page 3 of 3